# EXHIBIT  1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| DANIEL FUMIA, DAVID EYKYN, and MIKE EYKYN, Individually and on Behalf of Himself and All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 1:14-cv-00922-SS (Consolidated Lead Case) |
| MULTIMEDIA GAMES HOLDING COMPANY, INC., et al., | § § § § | |
| Defendants. | § | |
| CHRISTOPHER COFFMAN, Individually and on Behalf of Himself and All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 1:14-cv-00966-SS |
| MULTIMEDIA GAMES HOLDING COMPANY, INC., et al., | § § § | |
| Defendants. | § | |

## STIPULATION OF NON-OPT OUT CLASS AND DERIVATIVE SETTLEMENT

This Stipulation of Settlement dated as of April 7, 2015 (the "Stipulation") is made and entered into by and among: (i) David Eykyn, Mike Eykyn and Christopher Coffman ("Plaintiffs"), individually and on behalf of themselves and all other similarly situated shareholders of Multimedia Games Holding Company, Inc. ("MGAM" or the "Company") and derivatively on behalf of MGAM, (ii) the Director Defendants (as defined in ¶ 1.7), (iii) MGAM and (iv) Global Cash Access Holdings, Inc. and Movie Merger Sub, Inc. ("GCA"), subject to approval of the Federal Court (as defined below).

## I. LITIGATION AND SETTLEMENT DISCUSSIONS

On September 8, 2014, MGAM entered an agreement and plan of merger (the "Merger Agreement") with GCA, which provided that GCA would acquire all of the issued and outstanding shares of common stock of MGAM if, *inter alia*, the shareholders of MGAM approved the merger (the "Merger"). Under the Merger Agreement, holders of MGAM common stock were entitled to receive $36.50 per share in cash upon consummation of the Merger.

On October 3, 2014, Thomas Baird, an MGAM shareholder, filed a putative class action (the "Baird Action") on behalf of MGAM shareholders against MGAM, Stephen J. Greathouse, Stephen P. Ives, Neil E. Jenkins, Michael J. Maples, Sr., Justin A. Orlando, Patrick J. Ramsey, and Robert D. Repass (the "MGAM Defendants") and GCA (all defendants collectively, "Defendants") in the United States District Court for the Western District of Texas (the "Federal Court"), which alleged that Defendants breached their fiduciary duties and/or aided and abetted the MGAM Defendants' alleged breaches of fiduciary duties in connection with the Merger.

On October 20, 2014, counsel for Thomas Baird sent a demand letter on Baird's behalf to MGAM's Board of Directors (the "Demand Letter"). In the Demand Letter, Baird requested that MGAM commence a civil action against each of its directors, and third parties identified in the Demand Letter, as a result of the directors' breaches of fiduciary duties alleged in the Demand Letter, and asserted that the preliminary proxy filed by MGAM on September 30, 2014 (the "Preliminary Proxy") failed to provide MGAM's shareholders with material information concerning the process leading up to the consummation of the Merger Agreement and the financial analyses performed in support of the MGAM's financial advisor's fairness opinion.

On October 22, 2014, MGAM filed its final Schedule 14A proxy statement with the Securities and Exchange Commission (the "Proxy") in connection with the Merger.

On October 23, 2014, counsel for Christopher Coffman, an MGAM shareholder, sent a demand letter on Coffman's behalf to MGAM's Board of Directors, and filed a substantially similar putative class action and shareholder derivative action on behalf of MGAM and its shareholders against Defendants in connection with the Merger (the "Coffman Action").

On October 27, 2014, counsel for Daniel Fumia, David Eykyn, and Mike Eykyn sent a demand letter on their behalf to MGAM's Board of Directors.  On October 28, 2014, Daniel Fumia, David Eykyn, and Mike Eykyn filed an Amended Derivative and Direct Class Action Complaint in the Baird Action in which they substituted as plaintiffs for Thomas Baird and asserted putative class and shareholder derivative claims against Defendants in connection with the Merger.

Also on October 28, 2014, counsel for the MGAM Defendants voluntarily produced to counsel for Christopher Coffman, Daniel Fumia, David Eykyn, and Mike Eykyn documents relating to the Merger, subject to the terms of the Confidentiality and Protective Order entered on February 24, 2015 (Dkt. No. 28).

On November 5, 2014, counsel for Christopher Coffman, Daniel Fumia, David Eykyn, Mike Eykyn, and Defendants filed a stipulation and agreed motion to consolidate the Baird Action and the Coffman Action (together, the "Federal Actions").  Daniel Fumia voluntarily dismissed his claims against Defendants in the Federal Actions, with Christopher Coffman, David Eykyn, and Mike Eykyn ("Plaintiffs") remaining as plaintiffs in the Federal Actions.  The Federal Court granted the agreed motion to consolidate the Federal Actions.

In an effort to resolve the Federal Actions outside of litigation, counsel for Plaintiffs and counsel for Defendants have engaged in arm's length and substantial negotiations concerning the terms and conditions of a potential resolution of the Federal Actions, which resulted in an

agreement that MGAM would disclose certain additional information to MGAM shareholders. The agreement was memorialized in a Memorandum of Understanding ("MOU") entered into by the parties on November 20, 2014. MGAM made such final supplemental disclosures in a Form 8-K dated November 21, 2014 (the "Supplemental Disclosures") and filed with the Securities and Exchange Commission ("SEC").

At a duly called meeting on December 3, 2014 (the "Meeting"), the MGAM shareholders voted in favor of the Merger; and the Merger was subsequently consummated on December 19, 2014.

Following the execution of the MOU, Plaintiff's counsel conducted additional discovery to confirm the reasonableness of the terms of the parties' agreement. In particular, Plaintiffs' counsel reviewed additional non-public documents produced by Defendants and conducted the depositions of MGAM Director and Chief Executive Officer Patrick J. Ramsey and of a representative of Wells Fargo Securities, LLC, financial advisors to MGAM for the Merger (documents and depositions together, the "Confirmatory Discovery"). Counsel for Plaintiffs have determined based on their experience litigating these types of cases that the settlement described below is fair and reasonable to MGAM and its shareholders.

Now, therefore, it is hereby stipulated and agreed, subject to approval of the Stipulation by the Federal Court pursuant to Rules 23 and 23.1 of the Federal Rules of Civil Procedure, that the Federal Actions shall be dismissed on the merits with prejudice in accordance with the provisions of this Stipulation and shall be settled and compromised as provided below (the "Settlement").

## II.   PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiffs believe the claims asserted in the Federal Actions have merit. However,

Plaintiffs' Counsel (as defined in ¶ 1.14) recognize and acknowledge the risk, expense, and length of continued proceedings necessary to prosecute the Federal Actions against Defendants through trial and potentially through appeals. Plaintiffs' Counsel have also taken into account the uncertain outcome inherent in any litigation, especially in complex actions such as the Federal Actions, as well as the difficulties and delays of such litigation.  Plaintiffs' Counsel also are mindful of the inherent problems of proof under, and possible defenses to, the claims asserted in the Federal Actions.  Plaintiffs' Counsel have concluded that the Settlement confers benefits, through the Supplemental Disclosures filed with the SEC in advance of the December 3, 2014 shareholder meeting, upon MGAM and its shareholders.  Based on a thorough investigation and evaluation of the facts and analysis of applicable law, Plaintiffs' Counsel have determined that the proposed Settlement is fair, reasonable and adequate, and in the best interest of the Class (as defined in ¶ 1.2) after reviewing the Confirmatory Discovery, and drawing upon counsel's experience in similar matters.

## III.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied, and continue to deny, any liability in connection with the Federal Actions and the claims asserted by Plaintiffs, and that they have committed or aided and abetted in the commission of any violation of law or engaged in any of the wrongful acts alleged in the Federal Actions, and expressly maintain that they diligently and scrupulously complied with their fiduciary and other legal duties.   Nonetheless, Defendants have concluded that litigating the Federal Actions could be protracted and expensive, and that it is desirable that the Federal Actions be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  Defendants are entering into the Stipulation solely because they believe that the Settlement would eliminate the burden, risk and expense of further litigation, and

because they contend and believe that to do so is in the best interests of the shareholders of MGAM and GCA.  By agreeing to the Settlement and entering into this Stipulation, Defendants do not admit or concede any alleged fact, wrongdoing, liability or violations of any laws.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Plaintiffs, individually on behalf of themselves and all other similarly situated shareholders of MGAM and derivatively on behalf of MGAM, and each of the Defendants, by and through their respective counsel, subject to the approval of the Federal Court, as follows:

## 1.  Definitions

In addition to the terms defined elsewhere in the Stipulation, the following terms have the meanings specified below:

1.1.    "Federal Actions" means the consolidated actions styled *Fumia, et al. v. Multimedia Games Holding Company, Inc., et al.*, case no. 1:14-cv-00922-SS (W.D. Tex.) (consolidated lead case) and *Coffman v. Multimedia Games Holding Company, Inc., et al.*, case no. 1:14-cv-00966-SS (W.D. Tex.).

1.2.    "Class" means all Persons who were record holders or beneficial owners of MGAM common stock as of September 7, 2014 and who held such shares through and including December 19, 2014, the date of the consummation of the Merger, including successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, of all such foregoing record holders and/or beneficial owners, immediate and remote, and any Person acting for or on behalf of, or claiming under, any of them, and each of them. Excluded from the Class are Defendants, members of the immediate family of any of

Defendants, any entity in which any of Defendants has or had a controlling interest, and the legal representatives, heirs, successors or assigns of any such excluded person.

1.3.    "Class Counsel" means the law firms Faruqi & Faruqi, LLP and Brodsky & Smith, LLC.

1.4.    "Class Period" means September 7, 2014 through and including December 19, 2014, the latter being the date of the consummation of the Merger.

1.5.    "Defendants" means the Director Defendants (defined below), MGAM and GCA.

1.6.    "Defendants' Counsel" means Norton Rose Fulbright LLP on behalf of the Director Defendants and MGAM, and Pillsbury Winthrop Shaw Pittman LLP on behalf of GCA.

1.7.    "Director Defendants" means Stephen J. Greathouse, Stephen P. Ives, Neil E. Jenkins, Michael J. Maples, Sr., Justin A. Orlando, Patrick J. Ramsey, and Robert D. Repass.

1.8.    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 6.1 of the Stipulation have been met or have occurred.

1.9.    "Final Judgment" means the later of:  (i) the date of final affirmance on an appeal from the Judgment, the expiration of the time for a petition to review the Judgment and, if any such writ or petition is granted, the date of final affirmance of the Judgment following review pursuant to that grant; or (ii) the date of final, non-appealable dismissal of any appeal from the Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Judgment.

1.10.   "Judgment" means the judgment to be rendered by the Federal Court, substantially in the form attached hereto as Exhibit D.

1.11.   "Notice" means the Notice of Proposed Settlement of Derivative and Non-Opt Out Class Action substantially in the form attached hereto as Exhibit B.

1.12.   "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives or assignees.

1.13.   "Plaintiffs" means Christopher Coffman, David Eykyn, and Mike Eykyn.

1.14.   "Plaintiffs' Counsel" means Faruqi & Faruqi, LLP, Brodsky & Smith, LLC, Levi & Korsinsky, LLP and The Bilek Law Firm, LLP.

1.15.   "Related Parties" means each of the Defendants and (i) their present or former affiliates, parents, subsidiaries, successors and predecessors (including the directors and officers of such affiliates, parents, subsidiaries and successors and predecessors); (ii) their general partners, limited partners, partnerships, and their respective officers, directors, managing directors, employees, agents, attorneys, advisors, insurers, consultants, accountants, auditors, trustees, financial advisors, lenders, investment bankers, associates, representatives, heirs, executors, family members, personal representatives, estates, administrators, successors and assigns; and (iii) any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants.

1.16.   "Released Claims" means any and all claims, debts, dues, demands, sums of money, accounts, reckonings, bonds, bills, covenants, controversies, damages, executions, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, rescission, rescissory damages, injunctive relief, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, remedies or liability whatsoever), whether based

on federal, state, foreign, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law, admiralty, or equity, matured or un-matured, whether class, individual or derivative in nature, including both known claims and Unknown Claims (as defined below), that have been or that could have been asserted in the Federal Actions or in any forum by Plaintiffs or by any member of the Class in his, her or its capacity as an MGAM shareholder or derivatively on behalf of MGAM, against any of the Released Parties (as defined in ¶ 1.17 below), including, without limitation, claims under the federal securities laws and under any other statutory or common law duty, whether federal or state, arising out of, related to, based upon or concerning, directly or indirectly: (i) the allegations made by Plaintiffs in the Federal Actions, (ii) the Merger, including any and all negotiations leading to the Merger, the Merger Agreement, any and all agreements and disclosures relating to the Merger and the Merger Agreement, any compensation or other payments made in connection with the Merger, and the consideration paid pursuant to the Merger, (iii) the Proxy, any preliminary versions of the Proxy, or any and all other disclosures, omissions or communications relating to the Merger or (iv) any and all matters regarding an alleged breach of fiduciary duty, violation of federal or state securities laws, or other causes of action under any statutory, common law, or other theory, in connection with the Merger or aiding and abetting any of the foregoing. "Released Claims" shall not include any claims to enforce the terms of this Stipulation or the Settlement.

1.17. "Released Parties" means each of the Defendants, their Related Parties, and their insurers and reinsurers.

1.18. "Settlement" means the settlement contemplated in this Stipulation.

1.19.   "Settling Parties" means, collectively, each of the Defendants and the Plaintiffs individually, on behalf of themselves and all other similarly situated shareholders of MGAM and derivatively on behalf of MGAM.

1.20.   "Summary Notice" means the Summary Notice of Proposed Settlement of Derivative and Non-Opt Out Class Action substantially in the form attached hereto as Exhibit C.

1.21.   "Unknown Claims" means any Released Claim that Plaintiffs, MGAM, or any member of the Class does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties and any claims released pursuant to ¶ 4.2 that any of the Related Parties does not know or suspect to exist in his, her or its favor at the time of the release of the Plaintiffs, Plaintiffs' Counsel, the Class, Class Counsel, and all MGAM shareholders (solely in their capacity as MGAM shareholders) which if known, might have affected his, her, or its decision to enter into the Settlement.  With respect to the Unknown Claims, the Settling Parties each expressly waives any and all provisions, rights and benefits of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Settling Parties each shall expressly waive any and all provisions, rights, and benefits conferred by any law or any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Section 1542 of the California Civil Code.

## 2.   The Class

2.1.    The Settling Parties shall jointly move the Court to certify conditionally the Federal Actions as a non-opt out class action pursuant to Federal Rule of Civil Procedure 23.

Excluded from the Class are Defendants, members of the immediate family of any of Defendants, any entity in which any of Defendants has or had a controlling interest, and the legal representatives, heirs, successors or assigns of any such excluded person.

2.2.    In the event that Final Judgment is not entered as to the Settlement, Defendants reserve the right to oppose certification of any class in future proceedings.

2.3.    Solely for purposes of implementing this Stipulation and effectuating the Settlement, the Settling Parties stipulate that the Court may enter an order preliminarily certifying the Class for a non-opt out class action, appointing David Eykyn and Mike Eykyn as the Class representatives, and appointing the following as Class Counsel:

FARUQI & FARUQI, LLP                     BRODSKY & SMITH, LLC
Juan E. Monteverde                             Evan J. Smith
James M. Wilson, Jr.                            Marc L. Ackerman
369 Lexington Ave., Tenth Floor           Two Bala Plaza, Suite 510
New York, New York 10017                  Bala Cynwyd, PA 19004
(212) 983-9330                                    (610) 667-6200

2.4.    Solely for the purpose of implementing this Stipulation and effectuating the Settlement, the Settling Parties stipulate that David Eykyn and Mike Eykyn are adequate representatives of the Class.

**3.  Settlement; Notice; Stay; Preliminary Approval Order; Settlement Hearing**

3.1.    *Settlement Consideration.*  Without admitting any wrongdoing, fault, liability or damage, Defendants acknowledge that the pendency and prosecution of this action and the efforts of Plaintiffs' Counsel were the reason and cause for the decision of Defendants to make the Supplemental Disclosures set forth in Exhibit E to this Stipulation and filed with the SEC in advance of the Meeting.  The Supplemental Disclosures represent additions to the disclosures in the Proxy that were prepared as a result of arm's length negotiations with Plaintiffs' Counsel. Plaintiffs' Counsel have determined that the Settlement is fair, reasonable, adequate and in the

best interest of the Class (as defined below) after reviewing the Confirmatory Discovery, and drawing upon counsel's experience in similar matters.

3.2.  ***Notice.***  The Settling Parties shall jointly move the Court to approve the form and content of the Notice of Proposed Settlement of Derivative and Non-Opt Out Class Action ("Notice"), attached hereto as <u>Exhibit B</u> and the Summary Notice of Proposed Settlement of Derivative and Non-Opt Out Class Action ("Summary Notice") in the form attached hereto as <u>Exhibit C</u>.  Defendants shall be responsible for sending, within two (2) weeks after the Preliminary Approval Order (defined in ¶ 3.3 below) is entered, the Notice to all Persons who held of record MGAM common stock at any time during the Class Period as set forth in the books and records maintained by or on behalf of MGAM, at their respective addresses set forth in such records, and for publishing the Summary Notice in *Investor's Business Daily* or in such other form and manner as the Federal Court shall direct, and shall, by way of the Notice and Summary Notice, refer shareholders to the Office of the Clerk for the United States District Court for the Western District of Texas to view the Stipulation.  All costs associated with the Notice as described herein shall be paid by GCA.

3.3.  ***Preliminary Approval Order.***  As soon as practicable after this Stipulation has been executed on behalf of all Settling Parties, the Settling Parties shall submit the Stipulation together with its exhibits to the Federal Court and shall apply for entry of a preliminary approval order, substantially in the form attached hereto as <u>Exhibit A</u> (the "Preliminary Approval Order"), seeking:  (i) preliminary approval of the Settlement as set forth in the Stipulation; (ii) approval of the form and content of the Notice and Summary Notice; and (iii) a date for the Settlement Hearing.

3.4. *Settlement Hearing and Judgment.*

3.4.1.  Plaintiffs' Counsel shall request that the Federal Court hold the Settlement Hearing at least sixty (60) days after the mailing of the Notice and publication of the Summary Notice and shall request that the Federal Court finally approve the Settlement and enter judgment in the form attached hereto as <u>Exhibit D</u> (the "Judgment").   Any objections to the Settlement shall be made at least two (2) weeks before the Settlement Hearing.   Furthermore, MGAM or its successor(s) shall use reasonable efforts to give notice of the Settlement Hearing to beneficial owners of shares by making additional copies of the Notice available to any record holder requesting them for distribution to beneficial owners and providing reimbursement of reasonable actual out-of-pocket expenses incurred by such record holders in identifying beneficial holders.

3.4.2.  At the Settlement Hearing and as provided in ¶ 5.1, the Settling Parties will note for the Federal Court that they have agreed to the Fee Award (as defined in ¶ 5.1) to Plaintiff's Counsel, which Fee Award is subject to approval by the Federal Court.

3.4.3.  The Settling Parties shall use their individual and collective best efforts to obtain Final Judgment without costs to any party, except as expressly provided herein.

3.4.4.  Pending approval of this Stipulation by the Federal Court, the settlement of the Action, the entry of Judgment, and Final Judgment, Plaintiffs agree to stay the proceedings in the Federal Actions and to stay and not to initiate any and all other proceedings other than those incident to the settlement of the Federal Actions as contemplated by this Stipulation.

**4.  Releases**

4.1.   Upon the Effective Date, (i) Plaintiffs, in their capacities as individuals, on behalf of all members of the Class and derivatively on behalf of MGAM, (ii) MGAM and (iii) all members of the Class shall be deemed to have fully released and forever discharged, and shall

forever be barred from initiating, continuing, filing or otherwise prosecuting against any of the Released Parties any Released Claims.

4.2.    The Settling Parties each acknowledge that the waiver of Unknown Claims was separately bargained for and a key element of the Settlement of which this release is a part. Nothing herein shall, however, bar any action or claim to enforce the terms of this Stipulation, the Settlement, or the Judgment.  The Settling Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to fully, finally, and forever settle and release with prejudice any and all claims released hereby, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, heretofore exist, or may hereafter exist upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery of such additional or different facts.

4.3.    The Settling Parties will seek entry of the Judgment by the Federal Court dismissing the Federal Actions with prejudice and barring the Released Claims.

4.4.    Plaintiffs agree that, pending final determination of whether the Settlement provided for herein should be approved, Plaintiffs and all members of the Class are barred and enjoined from commencing, prosecuting, instigating or in any way participating in the commencement or prosecution of any action asserting any Released Claims, either directly, representatively, derivatively, or in any other capacity, against any of the Released Parties.

**5. Plaintiffs' Counsel's Attorneys' Fees and Reimbursement of Expenses**

5.1.    Defendants agree not to oppose Plaintiffs' application for an attorneys' fee award from the Federal Court of up to three hundred and ten thousand dollars ($310,000), which includes all fees and other expenses of any kind claimed by Plaintiffs and Plaintiffs' Counsel, subject to approval of the Federal Court (the "Fee Award").  Plaintiffs agree not to request or accept a Fee Award in excess of $310,000 and acknowledge that the Federal Court has final discretion to determine the amount of the Fee Award.  Within ten (10) days after the Effective Date, GCA shall pay or cause to be paid the amount of attorneys' fees awarded by the Federal Court to Plaintiffs' counsel Faruqi & Faruqi, LLP as paying agent for all Plaintiffs' Counsel pursuant to their joint prosecution agreement.

5.2.    Plaintiffs' Counsel shall be responsible for allocating the Fee Award amongst themselves in their sole discretion, and in consultation with their clients.  Defendants shall have no responsibility for, or liability with respect to, the allocation among any of Plaintiffs' Counsel of any award of fees and expenses that the Court may make, and Defendants take no position with respect to such matters.

5.3.    At the time the Fee Award is paid it shall be paid via wire transfer to an account designated by Faruqi & Faruqi, LLP, and payment in accordance with the wire instructions provided by Faruqi & Faruqi, LLP shall fully and completely discharge the obligations of Defendants to pay any fees awarded by the Federal Court.

5.4.    Payment of the Fee Award shall constitute final and complete payment for Plaintiffs' attorneys' fees and reimbursement of expenses that have been incurred or will be incurred in connection with the Federal Actions and resolution of the claims asserted in the Federal Actions.

5.5.    Court approval and consummation of the Settlement shall not in any way be conditioned on the approval or awarding by the Federal Court of any attorneys' fees or any specific amount of attorneys' fees.

5.6.    The Fee Award shall be subject to the joint and several obligation of Plaintiffs' Counsel to refund to GCA within twenty (20) business days all amounts received if and when, as a result of any proceeding or successful collateral attack, the Fee Award is reduced or reversed, the award does not become final, the Settlement itself is voided by any party as provided herein or by the terms of the Settlement, or the Settlement is later reversed by any court of competent and valid jurisdiction.

5.7.    In the event the Settlement does not result in Final Judgment, Plaintiffs reserve the right to use the disclosure of the Supplemental Disclosures in any mootness fee application. Defendants reserve the right to oppose any mootness fee application.

**6.  Conditions of Settlement and Effect of Disapproval, Cancellation or Termination**

6.1.    The Effective Date of the Stipulation and the Settlement shall be conditioned on the occurrence of all of the following events:

6.1.1.   the Federal Court's conditional certification of the Class as contemplated in ¶ 2;

6.1.2.   the Federal Court's entering the Preliminary Approval Order;

6.1.3.   the Federal Court's granting final approval of the Settlement following Notice and the final Settlement Hearing;

6.1.4.   dismissal with prejudice of the Federal Actions;

6.1.5.   entry of a Judgment, which shall be in all material respects substantially in the form set forth in Exhibit D attached hereto, and none of the Defendants elects to terminate this Settlement under ¶ 8.1; and

6.1.6.   the Judgment's becoming a Final Judgment.

6.2.   If any condition specified in ¶ 6.1 is not met, then Plaintiffs and Defendants each shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so, through counsel, to all other Settling Parties within thirty (30) calendar days of the failure of a condition specified in ¶ 6.1.

6.3.   In the event that any condition set forth in ¶ 6.1 is not met, or the Stipulation is not approved, or is otherwise terminated for any reason:

6.3.1.   the Settling Parties shall be restored to their respective positions in the Federal Actions as of the date before the Stipulation was fully executed;

6.3.2.   the refund provided for in ¶ 5.6 shall be made in accordance with the terms of ¶ 5.6; and

6.3.3.   this Stipulation and any related Settlement documents shall be null and void, of no force and effect, and nothing herein shall be deemed to prejudice the position of any of the Settling Parties or any Released Parties with respect to the Federal Actions or otherwise, and neither the existence of this Stipulation nor the facts of its existence nor any of the terms thereof shall be admissible in evidence or shall be referred to for any purpose in the Federal Action or any other litigation.

## 7.  Representations and Warranties

7.1.   Plaintiffs represent that they were record holders and/or beneficial owners of MGAM common stock throughout the Class Period.

7.2.     Each of the attorneys executing the Stipulation on behalf of one or more of the Settling Parties warrants and represents that he or she has been duly authorized and empowered to execute this Stipulation on behalf of his or her respective client or clients.

7.3.     Plaintiffs and Plaintiffs' Counsel represent and warrant that none of Plaintiffs' Released Claims have been assigned, encumbered or in any manner transferred, in whole or in part.

## 8.  Miscellaneous Provisions

8.1.     The Settling Parties: (i) acknowledge that it is their intent to consummate this Stipulation to the fullest extent possible; and (ii) agree to cooperate to the fullest extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2.     The Settling Parties intend the Settlement to be a final and complete resolution of all disputes among them with respect to the Federal Actions.   The Settlement compromises claims which are contested and shall not be deemed an admission by any of the Settling Parties as to the merits of any claim, allegation, or defense.

8.3.     The Stipulation shall be deemed drafted equally by all Settling Parties.

8.4.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:  (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the Released Claims, or of any wrongdoing or liability of any of the Defendants; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any proceeding of any nature.  Defendants may file the Stipulation and/or the Judgment in any action that has been or may be brought against him, her, or it in order to support

a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.5.    The exhibits to this Stipulation are a material and integral part hereof and are fully incorporated herein by this reference.

8.6.    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.7.    The Stipulation and the exhibits attached hereto constitute the entire agreement among the Settling Parties, and no representations, warranties, or inducements have been made to any of the Settling Parties concerning the Stipulation or the exhibits attached hereto other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each of the Settling Parties shall bear his, her, or its own costs.

8.8.    The Stipulation may be executed by one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

8.9.    The Stipulation shall be binding upon, and inure to the benefit of, the Settling Parties and their respective heirs, predecessors, successors and assigns, and to any corporation or other entity into which or with which any party to this Stipulation may merge or consolidate.

8.10.   This Stipulation and the exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Texas, and the rights and obligations of the Settling Parties shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Texas without giving effect to that State's choice of law principles.

8.11.   The Federal Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and the Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

8.12.   Any dispute arising out of or relating in any way to the Stipulation or the Settlement shall not be litigated or otherwise pursued in any forum or venue other than the Federal Court, and the Settling Parties expressly waive any right to demand a jury trial as to any such dispute.

IN WITNESS WHEREOF, the Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of April 7, 2015.

**THE BILEK LAW FIRM, L.L.P.**

Thomas E. Bilek, State Bar No. 02313525
700 Louisiana, Suite 3950
Houston, TX  77002
(713) 227-7720

Juan E. Monteverde
James M. Wilson, Jr.
**FARUQI & FARUQI, LLP**
369 Lexington Ave., Tenth Floor
New York, NY 10017
Tel:  212-983-9330
Fax:  212-983-9331
Email: jmonteverde@faruqilaw.com
        jwilson@faruqilaw.com

*[signatures continue on following page]*

- 20 -

Evan J. Smith
Marc L. Ackerman
**BRODSKY & SMITH, LLC**
Two Bala Plaza, Suite 510
Bala Cynwyd, PA 19004
Tel:  610-667-6200
Fax:  610-667-9029
Email: esmith@brodsky-smith.com
        mackerman@brodsky-smith.com

*-and-*

Julia Sun
**LEVI & KORSINSKY, LLP**
30 Broad Street, 24th Floor
New York, New York 10004
Tel: (212) 363-7500
Fax: (212) 363-7171

*Attorneys for Plaintiffs*


**NORTON ROSE FULBRIGHT LLP**

_____
Gerard G. Pecht
State Bar No. 15701800
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone:  (713) 651-5151
Telecopier:  (713) 651-5246

Peter A. Stokes
State Bar No. 24028017
600 Congress Ave., Suite 2400
Austin, Texas 78701-2978
Telephone:  (512) 536-5287
Telecopier:  (512) 536-4598

*Attorneys for Multimedia Games Holding
Company, Inc., Stephen J. Greathouse,
Stephen P. Ives, Neil E. Jenkins, Michael J.
Maples, Sr., Justin A. Orlando, Patrick J.
Ramsey, and Robert D. Repass*


[*signatures continue on following page*]

- 21 -

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

Sarah A. Good (*pro hac vice*)
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Tel: (415) 983-1314
Fax: (415) 983-1200

Samuel E. Stubbs
State Bar No. 19434500
2 Houston Center
909 Fannin, Suite 2000
Houston, Texas 77010-1028
Tel: (713) 276-7645
Fax: (713) 276-7673

*Attorneys for Defendants Global Cash Access Holdings, Inc. and Movie Merger Sub, Inc.*

# EXHIBIT  A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DAVID EYKYN and MIKE EYKYN, Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | Civil Action No. A:14-cv-00922-SS |
| | § | (Consolidated Lead Case) |
| v. | § § | |
| MULTIMEDIA GAMES HOLDING COMPANY, INC., et al., | § § § | |
| Defendants. | § | |

| | | |
|---|---|---|
| CHRISTOPHER COFFMAN, Individually and on Behalf of All Others Similarly Situated, | § § | |
| Plaintiff, | § § | Civil Action No. A:14-cv-00966-SS |
| v. | § § § | |
| MULTIMEDIA GAMES HOLDING COMPANY, INC., et al., | § § § | |
| Defendants. | § § | |

## PRELIMINARY APPROVAL ORDER

WHEREAS, the parties having made application, pursuant to Federal Rules of Civil Procedure 23 and 23.1, for an order (i) preliminarily approving the settlement ("Settlement") of the above-captioned consolidated actions (together, the "Federal Actions"), in accordance with the Stipulation of Non-Opt Out Class and Derivative Settlement dated April 7, 2015 ("Stipulation"), which, together with the Exhibits appended thereto, sets forth the terms and conditions for the proposed Settlement and dismissal of the Federal Actions with prejudice, upon the terms and conditions set forth therein; (ii) approving the form and content of the Summary Notice of Proposed Settlement of Derivative and Non-Opt Out Class Action

("Summary Notice") and the form and content of the Notice of Proposed Settlement of Derivative and Non-Opt Out Class Action ("Notice"); and (iii) setting a hearing for final approval of the Settlement; and

WHEREAS, all capitalized terms contained herein shall have the same meanings set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, this Court, having considered the Stipulation and Exhibits appended thereto and having heard the arguments of the Settling Parties at the preliminary approval hearing:

In accordance with Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Derivative and Class Action Settlement; the Court hereby finds and orders as follows:

1.      This Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for Settlement and dismissal with prejudice of the Federal Actions.

2.      For purposes of the Settlement only, and pending the Settlement Hearing, the Federal Actions are provisionally certified as non-opt out class actions pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class comprising all Persons who were record holders or beneficial owners of Multimedia Games Holding Company, Inc. ("MGAM") common stock as of September 7, 2014, and who held such shares through and including December 19, 2014, the latter being the date of the consummation of the Merger, including successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, of all such foregoing record holders and/or beneficial owners, immediate and remote, and any Person acting for or on behalf of, or claiming under, any of them, and each of them (the "Class"). Excluded from the Class are Defendants, members of the immediate family of any of Defendants, any entity in which any of Defendants has or had a controlling interest, and the legal representatives, heirs, successors or assigns of any such excluded person. For purposes of the Settlement only, Plaintiffs David Eykyn and Mike Eykyn shall be certified as the representatives of the Class, and Juan Monteverde and James Wilson of the law firm Faruqi & Faruqi, LLP and

Evan Smith and Marc Ackerman of the law firm Brodsky & Smith, LLC appointed Class
Counsel and Thomas E. Bilek of The Bilek Law Firm, LLP appointed Liaison Counsel for the
Class.

      3.    A hearing (the "Settlement Hearing") shall be held before this Court on
_____, 2015, at _____ __.m. (which date is at least 75 days from the date of this
Preliminary Approval Order) at the United States District Court for the Western District of
Texas, Austin Division, Courtroom 2, 501 Fifth Street, Austin, Texas, 78701, to determine:
(i) whether the Court should conditionally certify the Federal Actions as non-opt out class
actions pursuant to Federal Rule of Civil Procedure 23; (ii) whether the settlement of the Federal
Actions on the terms set forth in the Stipulation should be finally approved by the Court as fair,
reasonable, and adequate to MGAM and Class members; (iii) whether the dismissal of the
Federal Actions with prejudice, pursuant to the Stipulation, should be approved by the Court and
judgment in all material respects substantially in the form attached to the Stipulation as
Exhibit D entered; (iv) whether, subject to the terms of the Stipulation, the Court should approve
the award of attorneys' fees to Plaintiffs' Counsel in the amount of $310,000, which is the
amount Global Cash Access Holdings, Inc. and Movie Merger Sub, Inc. (together, "GCA") have
agreed to pay or cause to be paid to Plaintiffs' Counsel in the Federal Actions subject to the
terms of the Stipulation; and (v) such other matters as will properly come before the Court.

      4.    The Court approves, as to form and content, the Notice and the Summary Notice
appended as Exhibits B and C, respectively, to the Stipulation, and finds that their dissemination
substantially in the manner and form set forth in this Order meets the requirements of Rules 23
and 23.1 of the Federal Rules of Civil Procedure, and of due process, and is the best notice
practicable under the circumstances and shall constitute due and sufficient notice to all persons
entitled thereto.

      5.    Not later than fourteen (14) calendar days following entry of this Order,
Defendants shall cause a copy of the Summary Notice substantially in the form appended as
Exhibit C to the Stipulation to be published in *Investor's Business Daily*.

6.      Not later than fourteen (14) calendar days following entry of this Order, Defendants shall cause the Notice substantially in the form appended as Exhibit B to the Stipulation to be mailed to all Persons who held of record MGAM common stock at any time during the Class Period as set forth in the books and records maintained by or on behalf of MGAM, at their respective offices set forth in such books and records.  The Settlement Hearing shall occur at least sixty (60) calendar days after the mailing of the Notice.

7.      At least twenty-eight (28) calendar days prior to the Settlement Hearing, Plaintiffs shall serve on counsel in the Federal Actions and file with the Court their papers in support of final approval of the Settlement and their application for the Fee Award with any brief and other papers in support thereof.

8.      At least fourteen (14) calendar days prior to the Settlement Hearing, Defendants shall serve on counsel in the Federal Actions and file with the Court their opposition to Plaintiffs' motion for final approval of the Settlement, if any, and any brief or other papers in support thereof.

9.      At least ten (10) calendar days prior to the Settlement Hearing, Defendants shall serve on counsel in the Federal Actions and file with the Court proof, by affidavit or declaration, of the dissemination of the Notice and Summary Notice as detailed in paragraphs five and six herein.

10.     The Class shall be bound by all orders, determinations and judgments in the Federal Actions concerning the Settlement, whether favorable or unfavorable to the Class.

11.     Pending final determination of whether the Settlement should be approved, Plaintiffs and all members of the Class are barred and enjoined from commencing, prosecuting, continuing, instigating or in any way participating in the commencement, prosecution, continuation or instigation of any action asserting any Released Claims, either directly, representatively, derivatively or in any other capacity, against any of the Released Parties.

12.     Any Class member may object or appear and show cause, if he, she, or it has any concern, that the Settlement should not be approved as fair, reasonable, and adequate, or why the

Judgment should not be entered thereon, provided, however, unless otherwise ordered by the Court, that no Class member shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the Fee Award to Plaintiffs' Counsel unless that Class member has, at least fourteen (14) calendar days prior to the Settlement Hearing:  (i) filed with the Clerk of the Court a written objection to the Settlement setting forth:  (a) the objector's name, address and phone number; (b) the nature of the objection; (c) proof of ownership of MGAM common stock as of September 7, 2014, and through and including December 19, 2014; and (d) any documentation in support of such objection; and (ii) if a Class member intends to appear and requests to be heard at the Settlement Hearing, such Class member must have, in addition to the requirements of (i) above, filed with the Clerk of the Court:  (a) a written notice of the Class member's intention to appear; (b) a statement that indicates the basis for such appearance; and (c) the identities of any witnesses the Class member intends to call at the Settlement Hearing and the subjects of their testimony.  If a member of the Class files a written objection and/or written notice of intent to appear, such member of the Class must also simultaneously serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such stockholder files with the Court, upon each of the following, referencing Case No. 1:14-cv-00922-SS, by hand-delivery or by first-class mail, postmarked no later than fourteen (14) calendar days before the Settlement Hearing: (a) Faruqi & Faruqi, LLP, 369 Lexington Avenue, Tenth Floor, New York, NY, 10017, Attn: Juan E. Monteverde; (b)  Norton Rose Fulbright LLP, 1301 McKinney, Suite 5100, Houston, TX, 77010, Attn: Gerard G. Pecht; (c) Pillsbury Winthrop Shaw Pittman LLP, Four Embarcadero Center, 22nd Floor, San Francisco, CA, 94111, Attn: Sarah A. Good.

The written objections and copies of any papers and briefs in support thereof to be filed in Court shall also be delivered by hand or sent by first-class mail postmarked no later than fourteen (14) calendar days before the Settlement Hearing, referencing Case No. 1:14-cv-00922-SS, to:

Office of the Clerk
U.S. District Court, Western District of Texas, Austin Division
501 West Fifth Street, Suite 1100
Austin, Texas  78701

13.     Any Class member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement as incorporated in the Stipulation, or to the Fee Award to Plaintiffs' Counsel, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

14.     The Settling Parties' response to objections, if any, by a Class member, and Plaintiffs' Counsel's reply brief in support of their application for the Fee Award, if any, shall be filed with the Court and served at least five (5) calendar days prior to the Settlement Hearing.

15.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:  (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of Defendants; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Defendant in any proceeding of any nature.  Defendants may file the Stipulation and/or Judgment in any action that has been or may be brought against him, her, or it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.     The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to the Class, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

17.     The Court may approve the Settlement, with such modifications, as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

Dated this _____ day of _____, 2015, at Austin, Texas.


_____
SAM SPARKS
United States District Judge

# EXHIBIT  B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DAVID EYKYN and MIKE EYKYN, Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | Civil Action No. A:14-cv-00922-SS |
| v. | § § | (Consolidated Lead Case) |
| MULTIMEDIA GAMES HOLDING COMPANY, INC., et al., | § § § § | |
| Defendants. | § | |

| | | |
|---|---|---|
| CHRISTOPHER COFFMAN, Individually and on Behalf of All Others Similarly Situated, | § § § | Civil Action No. A:14-cv-00966-SS |
| Plaintiff, | § § | |
| v. | § § | |
| MULTIMEDIA GAMES HOLDING COMPANY, INC., et al., | § § § | |
| Defendants. | § | |

## NOTICE OF PROPOSED SETTLEMENT OF
## DERIVATIVE AND NON-OPT OUT CLASS ACTION

**TO:   ALL OWNERS OF MULTIMEDIA GAMES HOLDING COMPANY, INC. COMMON STOCK AT ANY TIME BETWEEN SEPTEMBER 7, 2014, THROUGH AND INCLUDING DECEMBER 19, 2014.**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED.**

This Notice of Proposed Settlement of Derivative and Non-Opt Out Class Action (the "Notice") has been disseminated pursuant to an Order of the United States District Court for the Western District of Texas, Austin Division (the "Court").  The purpose of this Notice is to advise

you of the proposed settlement (the "Settlement," defined further in Section I.18 below), as set forth in the Stipulation of Non-Opt Out Class and Derivative Settlement dated as of April 7, 2015 (the "Stipulation"), of the above-captioned consolidated actions pending before the Court (the "Federal Actions" defined further in Section I.1 below), and of the hearing on final approval of the proposed Settlement contemplated by the Stipulation (the "Settlement Hearing").  The Settlement will fully resolve the Federal Actions on the terms set forth in the Stipulation and summarized in this Notice, including the dismissal of the Federal Actions with prejudice.  For a more detailed statement of the matter involved in the Federal Actions, the Settlement, and the terms discussed in this Notice, the Stipulation may be inspected at the Office of the Clerk of the United States District Court for the Western District of Texas, Austin Division, located at the United States District Court, 501 West Fifth Street, Suite 1100, Austin, Texas, 78701, during regular business hours of each business day.

## I.      DEFINITIONS USED IN THIS NOTICE.

1.      "Federal Actions" means the consolidated actions styled *Fumia, et al. v. Multimedia Games Holding Company, Inc., et al.*, case no. 1:14-cv-00922-SS (lead case) and *Coffman v. Multimedia Games Holding Company, Inc., et al.*, case no. 1:14-cv-00966-SS, commenced in the United States District Court for the Western District of Texas, Austin Division.

2.      "Class" means all Persons (defined in Section I.12 below) who were record holders or beneficial owners of MGAM common stock as of September 7, 2014, and who held such shares through and including December 19, 2014, the date of the consummation of the Merger, including successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, of all such foregoing record holders and/or

beneficial owners, immediate and remote, and any Person acting for or on behalf of, or claiming under, any of them, and each of them.  Excluded from the Class are Defendants, members of the immediate family of any of Defendants, any entity in which any of Defendants has or had a controlling interest, and the legal representatives, heirs, successors or assigns of any such excluded person.

3.      "Class Counsel" means the law firms of Faruqi & Faruqi, LLP and Brodsky & Smith, LLC.

4.      "Class Period" means September 7, 2014 through and including December 19, 2014, the latter being the date of the consummation of the Merger.

5.      "Defendants" means Director Defendants (defined in section I.7 below), Multimedia Games Holding Company, Inc. ("MGAM"), Global Cash Access Holdings, Inc. and Movie Merger Sub, Inc.

6.      "Defendants' Counsel" means Norton Rose Fulbright LLP on behalf of the Director Defendants and MGAM, and Pillsbury Winthrop Shaw Pittman LLP on behalf of Global Cash Access Holdings, Inc. and Movie Merger Sub, Inc. (together, "GCA").

7.      "Director Defendants" means Stephen J. Greathouse, Stephen P. Ives, Neil E. Jenkins, Michael J. Maples, Sr., Justin A. Orlando, Patrick J. Ramsey, and Robert D. Repass, collectively.

8.      "Effective Date" means the first date by which all the events and conditions specified in ¶ 6.1 of the Stipulation have been met and have occurred.

9.      "Final Judgment" means the later of:  (i) the date of final affirmance on an appeal from the Judgment, the expiration of the time for a petition to review the Judgment and, if any such writ or petition is granted, the date of final affirmance of the Judgment following review

pursuant to that grant; or (ii) the date of final, non-appealable dismissal of any appeal from the Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Judgment.

10.     "Judgment" means the judgment to be rendered by this Court, substantially in the form attached to the Stipulation as Exhibit D.

11.     "Notice" means this Notice of Proposed Settlement of Derivative and Non-Opt Out Class Action.

12.     "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives or assignees.

13.     "Plaintiffs" means Christopher Coffman, David Eykyn, and Mike Eykyn.

14.     "Plaintiffs' Counsel" means Faruqi & Faruqi, LLP, Brodsky & Smith, LLC, and The Bilek Law Firm, LLP.

15.     "Related Parties"  means each of the Defendants and (i) their present or former affiliates, parents, subsidiaries, successors and predecessors (including the directors and officers of such affiliates, parents, subsidiaries and successors and predecessors); (ii) their general partners, limited partners, partnerships, and their respective officers, directors, managing directors, employees, agents, attorneys, advisors, insurers, consultants, accountants, auditors, trustees, financial advisors, lenders, investment bankers, associates, representatives, heirs, executors, family members, personal representatives, estates, administrators, successors and assigns; and (iii) any person, firm, trust, corporation, officer, director or other individual or entity

in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants.

16.    "Released Claims" means any and all claims, debts, dues, demands, sums of money, accounts, reckonings, bonds, bills, covenants, controversies, damages, executions, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, rescission, rescissory damages, injunctive relief, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, remedies or liability whatsoever), whether based on federal, state, foreign, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law, admiralty, or equity, matured or un-matured, whether class, individual or derivative in nature, including both known claims and Unknown Claims (as defined below), that have been or that could have been asserted in the Federal Actions or in any forum by Plaintiffs or by any member of the Class in his, her or its capacity as an MGAM shareholder or derivatively on behalf of MGAM, against any of the Released Parties (as defined in ¶ 1.17 below), including, without limitation, claims under the federal securities laws and under any other statutory or common law duty, whether federal or state, arising out of, related to, based upon or concerning, directly or indirectly: (i) the allegations made by Plaintiffs in the Federal Actions, (ii) the Merger, including any and all negotiations leading to the Merger, the Merger Agreement, any and all agreements and disclosures relating to the Merger and the Merger Agreement, any compensation or other payments made in connection with the Merger, and the consideration paid pursuant to the Merger, (iii) the Proxy, any preliminary versions of the Proxy, or any and all other disclosures, omissions or communications relating to the Merger or (iv) any and all matters regarding an alleged breach of fiduciary duty, violation of federal or state securities laws, or other causes of

action under any statutory, common law, or other theory, in connection with the Merger or aiding and abetting any of the foregoing.  "Released Claims" shall not include any claims to enforce the terms of this Stipulation or the Settlement.

17.     "Released Parties" means each of Defendants, their Related Parties, and their insurers and reinsurers.

18.     "Settlement" means the settlement contemplated in the Stipulation.

19.     "Settling Parties" means, collectively, each of the Defendants and the Plaintiffs individually, on behalf of themselves and all other similarly situated shareholders of MGAM and derivatively on behalf of MGAM.

20.     "Summary Notice" means the Summary Notice of Proposed Settlement of Derivative and Non-Opt Out Class Action substantially in the form attached to the Stipulation as Exhibit C.

21.     "Unknown Claims" means any Released Claim that Plaintiffs, MGAM or any member of the Class does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties and any claims released pursuant to ¶ 4.2 of the Stipulation that any of the Related Parties does not know or suspect to exist in his, her or its favor at the time of the release of the Plaintiffs, Plaintiffs' Counsel, the Class, Class Counsel, and all MGAM shareholders (solely in their capacity as MGAM shareholders) which if known, might have affected his, her, or its decision to enter into the Settlement.  With respect to the Unknown Claims, the Settling Parties each expressly waives any and all provisions, rights and benefits of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF

KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS
OR HER SETTLEMENT WITH THE DEBTOR.

The Settling Parties each shall expressly waive any and all provisions, rights, and benefits

conferred by any law of any state or territory of the United States, or principle of common law,

which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

## II.   THE ACTION

On September 8, 2014, MGAM entered an agreement and plan of merger (the "Merger

Agreement") with GCA, which provided that GCA would acquire all of the issued and

outstanding shares of common stock of MGAM if, *inter alia*, the shareholders of MGAM

approved the merger (the "Merger").  Under the Merger Agreement, holders of MGAM common

stock were entitled to receive $36.50 per share in cash upon consummation of the Merger.

On October 3, 2014, Thomas Baird, an MGAM shareholder, filed a putative class action

(the "Baird Action") on behalf of MGAM shareholders against Defendants in the United States

District Court for the Western District of Texas (the "Federal Court"), which alleged that

Defendants breached their fiduciary duties and/or aided and abetted the alleged breaches of

fiduciary duties in connection with the Merger.

On October 20, 2014, counsel for Thomas Baird sent a demand letter on Baird's behalf to

MGAM's Board of Directors (the "Demand Letter").  In the Demand Letter, Baird requested that

MGAM commence a civil action against each of its directors, and third parties identified in the

Demand Letter, as a result of the directors' breaches of fiduciary duties alleged in the Demand

Letter, and asserted that the preliminary proxy filed by MGAM on September 30, 2014 (the

"Preliminary Proxy"), failed to provide MGAM's shareholders with material information

concerning the process leading up to the consummation of the Merger Agreement and the

financial analyses performed in support of the MGAM's financial advisor's fairness opinion.

On October 22, 2014, MGAM filed its final Schedule 14A proxy statement with the Securities and Exchange Commission (the "Proxy") in connection with the Merger.

On October 23, 2014, counsel for Christopher Coffman, an MGAM shareholder, sent a demand letter on Coffman's behalf to MGAM's Board of Directors, and filed a substantially similar putative class action and shareholder derivative action on behalf of MGAM and its shareholders against Defendants in connection with the Merger (the "Coffman Action").

On October 27, 2014, counsel for Daniel Fumia, David Eykyn, and Mike Eykyn sent a demand letter on their behalf to MGAM's Board of Directors.  On October 28, 2014, Daniel Fumia, David Eykyn, and Mike Eykyn filed an Amended Derivative and Direct Class Action Complaint in the Baird Action in which they substituted as plaintiffs for Thomas Baird and asserted putative class and shareholder derivative claims against Defendants in connection with the Merger.

Also on October 28, 2014, counsel for the MGAM Defendants voluntarily produced to counsel for Christopher Coffman, Daniel Fumia, David Eykyn, and Mike Eykyn documents relating to the Merger, subject to the terms of the Confidentiality and Protective Order entered on February 24, 2015.

On November 5, 2014, counsel for Christopher Coffman, Daniel Fumia, David Eykyn, Mike Eykyn, and Defendants filed a stipulation and agreed motion to consolidate the Baird Action and the Coffman Action (together, the "Federal Actions").  Daniel Fumia voluntarily dismissed his claims against Defendants in the Federal Actions, with Christopher Coffman, David Eykyn, and Mike Eykyn ("Plaintiffs") remaining as plaintiffs in the Federal Actions.  The Court granted the agreed motion to consolidate the Federal Actions.

In an effort to resolve the Federal Actions outside of litigation, counsel for the Settling Parties engaged in arm's length and substantial negotiations concerning the terms and conditions of a potential resolution of the Federal Actions, which resulted in an agreement that MGAM would disclose certain additional information to MGAM shareholders.  The agreement was memorialized in a Memorandum of Understanding ("MOU") entered into by the Settling Parties on November 20, 2014.  MGAM made such final supplemental disclosures in a Form 8-K dated November 21, 2014 (the "Supplemental Disclosures"), and filed with the Securities and Exchange Commission ("SEC").

At a duly called meeting on December 3, 2014 (the "Meeting"), the MGAM shareholders voted in favor of the Merger, and the Merger was consummated on December 19, 2014.

Following the execution of the MOU, Plaintiffs' Counsel conducted additional discovery to confirm the reasonableness of the terms of the Settling Parties' agreement.  In particular, Plaintiffs' Counsel reviewed additional non-public documents produced by Defendants and conducted the depositions of MGAM Director and Chief Executive Officer Patrick J. Ramsey and of a representative of Wells Fargo Securities, LLC, financial advisors to MGAM for the Merger (documents and depositions together, the "Confirmatory Discovery").

## III.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied, and continue to deny, any liability in connection with the Federal Actions and the claims asserted by Plaintiffs, and that they have committed or aided and abetted in the commission of any violation of law or engaged in any of the wrongful acts alleged in the Federal Actions, and expressly maintain that they diligently and scrupulously complied with their fiduciary and other legal duties.  Nonetheless, Defendants have concluded that litigating the Federal Actions could be protracted and expensive, and that it is desirable that the Federal Actions be fully and finally settled in the manner and upon the terms and conditions set

forth in the Stipulation.  Defendants also have taken into account the uncertainty and risks inherent in any litigation.  Defendants have, therefore, determined that it is desirable and beneficial for them that the Action be settled in the manner and upon the terms and conditions set forth in the Stipulation.  By agreeing to the Settlement and entering into the Stipulation, Defendants do not admit or concede any alleged fact, wrongdoing, liability, and/or violations of any laws.

## IV.    PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiffs believe the claims asserted in the Federal Actions have merit.  However, Plaintiffs' Counsel recognize and acknowledge the risk, expense, and length of continued proceedings necessary to prosecute the Federal Actions against Defendants through trial and potentially through appeals.  Plaintiffs' Counsel have also taken into account the uncertain outcome inherent in any litigation, especially in complex actions such as the Federal Actions, as well as the difficulties and delays of such litigation.  Plaintiffs' Counsel also are mindful of the inherent problems of proof under, and possible defenses to, the claims asserted in the Federal Actions.  Plaintiffs' Counsel have concluded that the Settlement confers benefits, through the Supplemental Disclosures filed with the SEC in advance of the December 3, 2014 shareholder meeting, upon MGAM and its shareholders.  Based on a thorough investigation and evaluation of the facts and analysis of applicable law, Plaintiffs' Counsel have determined that the proposed Settlement is fair, reasonable and adequate, and in the best interest of the Class after reviewing the Confirmatory Discovery, and drawing upon counsel's experience in similar matters.

## V.    THE SETTLEMENT HEARING

The Settlement Hearing will be held before the Honorable Sam Sparks on _____, 2015, at _____ __.m., at the United States District Court for the Western District of Texas, Austin Division, 501 West Fifth Street, Suite 1100, Austin, Texas, 78701, for

the purpose of determining: (i) whether the Court should conditionally certify the Federal Actions as non-opt out class actions pursuant to Federal Rule of Civil Procedure 23; (ii) whether the settlement of the Federal Actions on the terms set forth in the Stipulation should be finally approved by the Court as fair, reasonable, and adequate to MGAM and Class members; (iii) whether the dismissal of the Federal Actions with prejudice, pursuant to the Stipulation, should be approved by the Court and judgment in all material respects substantially in the form attached to the Stipulation as Exhibit D entered; (iv) whether, subject to the terms of the Stipulation, the Court should approve an award of attorneys' fees to Plaintiffs' Counsel in the amount of $310,000, which is the amount GCA has agreed to pay or cause to be paid to Plaintiffs' Counsel in the Federal Actions subject to the terms of the Stipulation; and (v) such other matters as will properly come before the Court.

The Settlement Hearing may be continued by the Court at the Settlement Hearing or at any adjourned session thereof without further notice to the Class.

## VI.    THE SETTLEMENT

The terms and conditions of the Settlement are fully set forth in the Stipulation.  The Stipulation has been filed with the Court.  The following is only a summary of its terms.

Without admitting any wrongdoing, fault, liability or damage, Defendants acknowledge that the pendency and prosecution of this action and the efforts of Plaintiffs' Counsel were the reason and cause for the decision of Defendants to make the Supplemental Disclosures set forth in Exhibit E to the Stipulation and filed with the SEC in advance of the Meeting.   The Supplemental Disclosures represent additions to the disclosures in the Proxy that were prepared as a result of arm's length negotiations with Plaintiffs' Counsel.  Plaintiffs' Counsel have determined that the Settlement is fair, reasonable, adequate and in the best interest of the Class

after reviewing the Confirmatory Discovery, and drawing upon counsel's experience in similar matters.

## VII.    DISMISSAL AND RELEASES

In connection with the Court's approval of the Settlement, Plaintiffs will request a dismissal with prejudice of all claims asserted by Plaintiffs in their capacities as individuals, on behalf of all members of the Class and derivatively on behalf of MGAM.

Upon the Effective Date, (i) Plaintiffs, in their capacities as individuals, on behalf of all members of the Class and derivatively on behalf of MGAM, (ii) MGAM and (iii) all members of the Class shall be deemed to have fully released and forever discharged, and shall forever be barred from initiating, continuing, filing or otherwise prosecuting against any of the Released Parties any Released Claims.

The Released Claims shall include Unknown Claims.  With respect to the Unknown Claims, the Settling Parties each shall expressly waive any and all provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Settling Parties each shall expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

The Settling Parties each acknowledge that the waiver of Unknown Claims was separately bargained for and a key element of the Settlement of which this release is a part. Nothing therein shall, however, bar any action or claim to enforce the terms of the Stipulation, the Settlement, or the Judgment.  The Settling Parties acknowledge that they may discover facts

in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to fully, finally, and forever settle and release any and all claims released in the Stipulation, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, heretofore exist, or may hereafter exist upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery of such additional or different facts.

## VIII.    THE FEE AWARD

After negotiating the settlement consideration as described fully in ¶ 3.1 of the Stipulation, Defendants' Counsel and Plaintiffs' Counsel negotiated the attorney's fees and expenses that GCA would pay or cause to be paid to Plaintiffs' Counsel in the Federal Actions. Defendants have agreed not to oppose Plaintiffs' application for an attorneys' fee award from the Court of up to three hundred and ten thousand dollars ($310,000), which includes all fees and other expenses of any kind claimed by Plaintiffs and Plaintiffs' Counsel, subject to approval of the Court (the "Fee Award").  Plaintiffs agree not to request or accept a Fee Award in excess of $310,000 and acknowledge that the Federal Court has final discretion to determine the amount of the Fee Award.  Within ten (10) days after the Effective Date, GCA shall pay or cause to be paid to Plaintiffs' counsel Faruqi & Faruqi, LLP as paying agent for all Plaintiffs' Counsel the amount of attorneys' fees awarded by the Court.

## IX.    THE RIGHT TO OBJECT OR BE HEARD AT THE SETTLEMENT HEARING

Any Class member may object or appear and show cause at the Settlement Hearing, if he, she, or it has any concern, that the Settlement should not be approved as fair, reasonable, and

adequate, or why the Judgment should not be entered thereon, or why the Fee Award should not be awarded to Plaintiffs' Counsel; provided, however, unless otherwise ordered by the Court, that no Class member shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the Fee Award to Plaintiffs' Counsel unless that Class member has, ***at least fourteen (14) calendar days prior to the Settlement Hearing*** (no later than _____, 2015): (i) filed with the Clerk of the Court of the United States District Court for the Western District of Texas, Austin Division a written objection to the Settlement setting forth: (a) the objector's name, address and phone number; (b) the nature of the objection; (c) proof of ownership of MGAM common stock as of September 7, 2014, and through and including December 19, 2014; and (d) any documentation in support of such objection; and (ii) if a Class member intends to appear and requests to be heard at the Settlement Hearing, such Class member must have, in addition to the requirements of (i) above, filed with the Clerk of the Court: (a) a written notice of the Class member's intention to appear; (b) a statement that indicates the basis for such appearance; and (c) the identities of any witnesses the Class member intends to call at the Settlement Hearing and the subjects of their testimony.

If a member of the Class files a written objection and/or written notice of intent to appear, such member of the Class must also simultaneously serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such stockholder files with the Court, upon each of the following, referencing Case No. 1:14-cv-00922-SS, by hand delivery or by first-class mail, postmarked no later than fourteen (14) calendar days before the Settlement Hearing:

FARUQI & FARUQI, LLP
Juan E. Monteverde
James M. Wilson, Jr.
369 Lexington Ave., Tenth Floor
New York, NY  10017
Tel:  212-983-9330

BRODSKY & SMITH, LLC
Evan J. Smith
Marc L. Ackerman
Two Bala Plaza, Suite 510
Bala Cynwyd, PA  19004
Tel: 610-667-6200

*Class Counsel*

NORTON ROSE FULBRIGHT LLP
Gerard G. Pecht
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Tel: 713-651-5151

*Attorneys for Defendants Multimedia
Games Holding Company, Inc., Stephen J.
Greathouse, Stephen P. Ives, Neil E.
Jenkins, Michael J. Maples, Sr., Justin A.
Orlando, Patrick J. Ramsey, and Robert
D. Repass*

PILLSBURY WINTHROP SHAW
  PITTMAN LLP
Sarah A. Good
Four Embarcadero Center, 22nd Floor
Post Office Box 2824
San Francisco, CA  94126-2824
Tel: 415-983-1000

*Attorneys for Defendants Global Cash
Access Holdings, Inc. and Movie Merger
Sub, Inc.*

The written objections and copies of any papers and briefs in support thereof to be filed in Court shall also be delivered by hand or sent by first-class mail postmarked no later than fourteen (14) calendar days before the Settlement Hearing, referencing Case No. 1:14-cv-00922-SS, to:

Office of the Clerk
U.S. District Court, Western District of Texas, Austin Division
501 West Fifth Street, Suite 1100
Austin, Texas  78701

Any Class member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement as incorporated in the Stipulation, or to the Fee Award to Plaintiffs' Counsel, unless otherwise

- 15 -

ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

## X.     CONDITIONS FOR SETTLEMENT

The Settlement is conditioned upon the occurrence of certain events described in ¶ 6 of the Stipulation, including, among other things: (i) certification of the Class as contemplated by ¶ 2 of the Stipulation; (ii) entry of the requested Judgment; and (iii) the Judgment's becoming a Final Judgment.  If, for any reason, any of the conditions described in the Stipulation is not met, the Stipulation might be terminated and, if terminated, will become null and void, and the parties to the Stipulation will be restored to their respective positions in the Federal Actions as of the date before the Stipulation was fully executed.

## XI.     EXAMINATION OF PAPERS AND INQUIRIES

This Notice contains only a summary of the terms of the Settlement.  For a more detailed statement of the matters involved in this Action, reference is made to the Stipulation which may be inspected at the Office of the Clerk, located at the United States District Court, 501 West Fifth Street, Suite 1100, Austin, Texas 78701, during regular business hours of each business day.

Any other inquiries regarding the Settlement or the Action should be addressed in writing to the following Class Counsel:

> FARUQI & FARUQI, LLP
> Juan E. Monteverde
> James M. Wilson, Jr.
> 369 Lexington Ave., Tenth Floor
> New York, NY  10017
>
> BRODSKY & SMITH, LLC
> Evan J. Smith
> Marc L. Ackerman
> Two Bala Plaza, Suite 510
> Bala Cynwyd, PA  19004

**XII.     SPECIAL NOTICE TO NOMINEES**

If you held any shares of MGAM common stock as nominee for a beneficial owner at any time between September 7, 2014 through and including December 19, 2014, then, within fourteen (14) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice by first-class mail to all such persons or entities; or (2) provide a list of the names and addresses of such persons or entities to the Notice Administrator:

Fumia v. Multimedia Games Holding Company Litigation
Notice Administrator
P.O. Box 40008
College Station, TX  77842-4008
MultimediaGamesStockholderLitigation@kccllc.com

If you choose to mail the Notice yourself, you may obtain from the Notice Administrator (without cost to you) as many additional copies of the documents as you will need to complete the mailing.  Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Notice Administrator.

BY THE COURT:


Dated:_____        _____

# EXHIBIT  C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DAVID EYKYN and MIKE EYKYN, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| | § | Civil Action No. A:14-cv-00922-SS |
| Plaintiffs, | § | |
| | § | (Consolidated Lead Case) |
| v. | § | |
| | § | |
| MULTIMEDIA GAMES HOLDING COMPANY, INC., et al., | § § | |
| | § | |
| Defendants. | § | |

| | | |
|---|---|---|
| CHRISTOPHER COFFMAN, Individually and on Behalf of All Others Similarly Situated, | § § | |
| | § | Civil Action No. A:14-cv-00966-SS |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| MULTIMEDIA GAMES HOLDING COMPANY, INC., et al., | § § | |
| | § | |
| Defendants. | § | |

**SUMMARY NOTICE OF PROPOSED SETTLEMENT OF DERIVATIVE
AND NON-OPT OUT CLASS ACTION**

1

**SUMMARY NOTICE OF PENDENCY OF CLASS AND DERIVATIVE ACTION, PROPOSED SETTLEMENT OF NON-OPT OUT CLASS AND DERIVATIVE ACTION AND SETTLEMENT HEARING AND RIGHT TO OBJECT AND/OR BE HEARD AT THE HEARING**

**TO:    ALL OWNERS OF MULTIMEDIA GAMES HOLDING COMPANY, INC. ("MGAM") COMMON STOCK AS OF SEPTEMBER 7, 2014 WHO HELD SUCH SHARES THROUGH AND INCLUDING DECEMBER 19, 2014 (the "CLASS," as defined further in ¶ 1.2 of the Stipulation of Non-Opt Out Class and Derivative Settlement on file with the Court)**

**PLEASE READ THIS SUMMARY NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED.**

YOU ARE HEREBY NOTIFIED that the parties to the above-captioned consolidated actions (the "Federal Actions") have entered into a Stipulation of Non-Opt Out Class and Derivative Settlement on file with the Court (the "Stipulation") to fully, finally, and forever resolve the issues raised in the Federal Actions (the "Settlement," as defined further in ¶ 1.18 of the Stipulation on file with the Court).

PLEASE BE FURTHER ADVISED that pursuant to an Order of the United States District Court for the Western District of Texas (the "Court"), a hearing will be held before the Honorable Sam Sparks on _____, 2015 at _____ __.m. at the United States District Court, Western District of Texas, Austin Division, Courtroom 2, 501 Fifth Street, Austin, Texas, 78701, for the purpose of determining: (i) whether the Court should conditionally certify the Federal Actions as non-opt out class actions pursuant to Federal Rule of Civil Procedure 23; (ii) whether the settlement of the Federal Actions on the terms set forth in the Stipulation should be finally approved by the Court as fair, reasonable, and adequate to MGAM and Class members; (iii) whether the dismissal of the Federal Actions with prejudice, pursuant to the Stipulation, should be approved by the Court and judgment in all material respects substantially in the form attached to the Stipulation as Exhibit D (the "Judgment") entered; (iv) whether, subject to the terms of the Stipulation, the Court should approve the award of

attorneys' fees to Plaintiffs' Counsel in the amount of $310,000, which is the amount Global Cash Access Holdings, Inc. and Movie Merger Sub, Inc. (together, "GCA") have agreed to pay or cause to be paid to Plaintiffs' Counsel in the Federal Actions subject to the terms of the Stipulation; and (v) such other matters as will properly come before the Court.

If you are a member of the Class, your rights to pursue certain claims in an individual or/and representative capacity may be affected by the Settlement.

A Notice of Proposed Settlement of Derivative and Non-Opt Out Class Action ("Notice," as defined further in ¶ 1.11 of the Stipulation on file with the Court) describing in greater detail the Federal Actions, the proposed Settlement, and the rights of members of the Class with regard to the Settlement will be mailed to all persons who held of record MGAM common stock at any time between September 7, 2014 and December 19, 2014 as set forth in the books and records maintained by or on behalf of MGAM, at their respective offices set forth in such books and records, and thereby disseminated to members of the Class.  If you are a member of the Class and wish to receive a copy of the detailed Notice or the Stipulation, you may obtain a copy by contacting the Office of the Clerk, U.S. District Court for the Western District of Texas, Austin Division.

Any member of the Class wishing to assert an objection to the Settlement should, no later than *at least fourteen (14) calendar days prior to the Settlement Hearing* (no later than _____, 2015):

1.      File with the Clerk of the Court of the United States District Court for the Western District of Texas, Austin Division, a written objection to the Settlement setting forth: (a) the objector's name, address and phone number; (b) the nature of the objection; (c) proof of

ownership of MGAM common stock as of September 7, 2014, and through and including December 19, 2014; and (d) any documentation in support of such objection.

2.    If a Class member intends to appear and requests to be heard at the Settlement Hearing, such Class member must have, in addition to the requirements of (1) above, filed with the Clerk of the Court:  (a) a written notice of the Class member's intention to appear; (b) a statement that indicates the basis for such appearance; and (c) the identities of any witnesses the Class member intends to call at the Settlement Hearing and the subjects of their testimony.

3.    If a member of the Class files a written objection and/or written notice of intent to appear, such member of the Class must also simultaneously serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such stockholder files with the Court, upon each of the following, referencing Case No. 1:14-cv-00922-SS, by hand delivery or by first-class mail, postmarked no later than fourteen (14) calendar days before the Settlement Hearing:

FARUQI & FARUQI, LLP
Attn:  Juan E. Monteverde
Attn:  James M. Wilson, Jr.
369 Lexington Avenue, 10th Floor
New York, NY  10017
Tel: 212-983-9330

BRODSKY & SMITH, LLC
Attn:  Evan J. Smith
Attn:  Marc L. Ackerman
Two Bala Plaza, Suite 510
Bala Cynwyd, PA  19004
Tel: 610-667-6200

*Class Counsel*

NORTON ROSE FULBRIGHT LLP
Attn: Gerard G. Pecht
1301 McKinney, Suite 5100
Houston, TX  77010
Tel: 713-651-5151

*Attorneys for Multimedia Games Holding Company, Inc., Stephen J. Greathouse, Stephen P. Ives, Neil E. Jenkins, Michael J. Maples, Sr., Justin A. Orlando, Patrick J. Ramsey, and Robert D. Repass*

PILLSBURY WINTHROP SHAW
  PITTMAN LLP
Attn: Sarah A. Good
Four Embarcadero Center, 22nd Floor
San Francisco, CA  94111
Tel: 415-983-1000

*Attorneys for Defendants Global Cash*

*Access Holdings, Inc. and Movie Merger Sub, Inc.*

The written objections and copies of any papers and briefs in support thereof to be filed in Court shall be delivered by hand or sent by first-class mail, fourteen (14) calendar days before the Settlement Hearing, referencing Case No. 1:14-cv-00922-SS, to:

Office of the Clerk
U.S. District Court, Western District of Texas, Austin Division
501 West Fifth Street, Suite 1100
Austin, Texas  78701

Any Class member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement as incorporated in the Stipulation or to the Fee Award to Plaintiffs' Counsel but shall otherwise be bound by the Judgment to be entered and releases to be given.

The Settlement Hearing may be continued by the Court at the Settlement Hearing or at any adjourned session thereof without further notice to the Class.

**IF YOU HAVE ANY QUESTIONS CONCERNING THIS NOTICE, THE FEDERAL ACTIONS, THE PROPOSED SETTLEMENT OR THE HEARING, YOU SHOULD RAISE THEM WITH YOUR OWN COUNSEL OR DIRECT THEM TO PLAINTIFFS' COUNSEL IN THE FEDERAL ACTIONS, AT THE ADDRESSES SET FORTH ABOVE. PLEASE DO NOT CONTACT THE COURT OR THE CLERK OF THE COURT.**

BY THE COURT:


Dated:_____          _____

# EXHIBIT  D

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DAVID EYKYN and MIKE EYKYN, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| | § | Civil Action No. A:14-cv-00922-SS |
| Plaintiffs, | § | |
| | § | (Consolidated Lead Case) |
| v. | § § | |
| MULTIMEDIA GAMES HOLDING COMPANY, INC., et al., | § § § | |
| Defendants. | § § | |

| | | |
|---|---|---|
| CHRISTOPHER COFFMAN, Individually and on Behalf of All Others Similarly Situated, | § § | |
| | § | Civil Action No. A:14-cv-00966-SS |
| Plaintiff, | § | |
| | § | |
| v. | § § | |
| MULTIMEDIA GAMES HOLDING COMPANY, INC., et al., | § § | |
| | § | |
| Defendants. | § | |

## [PROPOSED] JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Preliminary Approval Order of this Court, dated _____, 2015 (the "Order"), on the application of the Settling Parties (as defined in ¶ 1.19 of the Stipulation of Non-Opt Out Class and Derivative Settlement) for approval of the settlement (the "Settlement") set forth in the Stipulation of Non-Opt Out Class and Derivative Settlement dated April 7, 2015 ("Stipulation"). Due and adequate notice having been given to the Class (as defined in ¶ 1.2 of the Stipulation) as required in the

Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.     This Judgment and Order of Dismissal with Prejudice ("Judgment") incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meaning as set forth in the Stipulation.

2.     This Court has jurisdiction over the subject matter of the above-captioned consolidated actions (the "Federal Actions"), including all matters necessary to effectuate the Settlement, and over all parties to the Federal Actions, including Plaintiffs, the Class, and Defendants.

3.     The Court finds that, for purposes of settlement only, the Federal Actions are proper non-opt out class actions pursuant to Rule 23 of the Federal Rules of Civil Procedure. Specifically, this Court finds that: (a) the members of the Class contemplated in the Federal Actions are so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class that predominate over any individual questions, including whether the disclosures made by Multimedia Games Holding Company, Inc. ("MGAM") in connection with the Merger were adequate and whether the Director Defendants breached duties owed to MGAM or the Class; (c) the claims of the Plaintiffs David Eykyn and Mike Eykyn ("Plaintiffs") are typical of the claims of the Class; (d) Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented and protected the interests of MGAM and the Class; (e) the prosecution of separate actions by Class members would create a risk of either (i) inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants, or (ii) adjudications with respect to individual

members of the Class which would as a practical matter be dispositive of the interests of the other members of the Class who are not parties to the adjudications or substantially impair or impeded their ability to protect their interest; and (f) there were allegations that Defendants acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive or declaratory relief appropriate with respect to the Class as a whole. Thus, for the purposes of settlement only, the Federal Actions are proper non-opt out class actions pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4.     The Federal Actions are certified as class actions pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Class consisting of all Persons who were record holders or beneficial owners of MGAM common stock as of September 7, 2014, and who held such shares through and including December 19, 2014, the latter being the date of the consummation of the Merger, including successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, of all such foregoing record holders and/or beneficial owners, immediate and remote, and any Person acting for or on behalf of, or claiming under, any of them. Excluded from the Class are Defendants, members of the immediate family of any of Defendants, any entity in which any of Defendants has or had a controlling interest, and the legal representatives, heirs, successors or assigns of any such excluded person.

5.     For purposes of the Settlement only, Plaintiffs David Eykyn and Mike Eykyn are hereby certified as the representatives of the Class, and the law firms of Faruqi & Faruqi, LLP and Brodsky & Smith, LLC are hereby appointed Class Counsel and The Bilek Law Firm, LLP is appointed Liaison Counsel for the Class.

6.      The Court finds that the Summary Notice of Proposed Settlement of Derivative and Non-Opt Out Class Action (the "Summary Notice") published in *Investor's Business Daily* and the mailing of the Notice of Proposed Settlement of Derivative and Non-Opt Out Class Action (the "Notice") to all Persons who held of record MGAM common stock at any time during the Class Period as set forth in the books and records maintained by or on behalf of MGAM, at their respective offices set forth in such books and records provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all persons entitled to such notice, and said notices fully satisfied the requirements of the Federal Rules of Civil Procedure, including Rule 23.1(c) and Rule 23(c)(2), and the requirements of due process.

7.      All members of the Class are bound by this Judgment, as full and adequate notice of the proceedings was given and a full opportunity to be heard was provided to members of the Class.

8.      The Court finds that during the course of the Federal Actions, the Settling Parties and their respective counsel, at all times, complied with Rule 11 of the Federal Rules of Civil Procedure.

9.      The Court finds that the Settlement is fair, reasonable, and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and the Settlement in all respects, finds that the Settlement provides substantial benefits to MGAM and its stockholders, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

10.     The Federal Actions and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice.   As between Plaintiffs, the Class, and the

Defendants, the Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

11.     Upon the Effective Date (as defined in ¶ 1.8 of the Stipulation), (a) Plaintiffs, in their capacity as individuals, on behalf of all other similarly situated stockholders of MGAM, and derivatively on behalf of MGAM, (b) MGAM, and (c) all members of the Class shall have fully released and forever discharged, and shall forever be barred from initiating, continuing, filing or otherwise prosecuting, against the Released Parties any Released Claims, including Unknown Claims, that were, or could have been, asserted in the Federal Actions.

12.     Plaintiffs' Counsel are awarded attorneys' fees in the amount of $310,000, in accordance with the Stipulation.

13.     The Settling Parties have expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Settling Parties acknowledge, and members of the Class are hereby deemed to have acknowledged, that the waiver of Unknown Claims was separately bargained for and is a key element of the Settlement.

14.     Nothing herein shall in any way impair or restrict the rights of any of the Settling Parties to enforce the terms of the Stipulation.

15.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be

deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any proceeding of any nature.  Defendants may file the Stipulation and/or this Judgment in any action that has been or may be brought against him, her, or it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; and (ii) the Settling Parties for the purpose of construing, enforcing, and administering the Stipulation and Settlement, including, if necessary, setting aside and vacating this Judgment, on motion of a party, to the extent consistent with and in accordance with the Stipulation if any condition set forth in ¶ 6.1 of the Stipulation fails to occur.

17.    This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk of the Court in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated this _____ day of _____, 2015, at Austin, Texas.


_____
SAM SPARKS
United States District Judge