FILED

UNITED STATES DISTRICT COURT 2015 APR 22  AM 9: 13
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
                DEPUTY

| | | |
|---|---|---|
| DAVID EYKYN and MIKE EYKYN, Individually and on Behalf of All Others Similarly Situated, §§§§§ | Civil Action No. A:14-cv-00922-SS |
| Plaintiffs, §§ | (Consolidated Lead Case) |
| v. §§ | |
| MULTIMEDIA GAMES HOLDING COMPANY, INC., et al., §§§§ | |
| Defendants. § | |

| | | |
|---|---|---|
| CHRISTOPHER COFFMAN, Individually and on Behalf of All Others Similarly Situated, §§§ | Civil Action No. A:14-cv-00966-SS |
| Plaintiff, §§ | |
| v. §§ | |
| MULTIMEDIA GAMES HOLDING COMPANY, INC., et al., §§§§ | |
| Defendants. § | |

## PRELIMINARY APPROVAL ORDER

WHEREAS, the parties having made application, pursuant to Federal Rules of Civil Procedure 23 and 23.1, for an order (i) preliminarily approving the settlement ("Settlement") of the above-captioned consolidated actions (together, the "Federal Actions"), in accordance with the Stipulation of Non-Opt Out Class and Derivative Settlement dated April 7, 2015 ("Stipulation"), which, together with the Exhibits appended thereto, sets forth the terms and conditions for the proposed Settlement and dismissal of the Federal Actions with prejudice, upon the terms and conditions set forth therein; (ii) approving the form and content of the Summary Notice of Proposed Settlement of Derivative and Non-Opt Out Class Action

("Summary Notice") and the form and content of the Notice of Proposed Settlement of Derivative and Non-Opt Out Class Action ("Notice"); and (iii) setting a hearing for final approval of the Settlement; and

WHEREAS, all capitalized terms contained herein shall have the same meanings set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, this Court, having considered the Stipulation and Exhibits appended thereto and having heard the arguments of the Settling Parties at the preliminary approval hearing:

In accordance with Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Derivative and Class Action Settlement; the Court hereby finds and orders as follows:

1.      This Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for Settlement and dismissal with prejudice of the Federal Actions.

2.      For purposes of the Settlement only, and pending the Settlement Hearing, the Federal Actions are provisionally certified as non-opt out class actions pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class comprising all Persons who were record holders or beneficial owners of Multimedia Games Holding Company, Inc. ("MGAM") common stock as of September 7, 2014, and who held such shares through and including December 19, 2014, the latter being the date of the consummation of the Merger, including successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, of all such foregoing record holders and/or beneficial owners, immediate and remote, and any Person acting for or on behalf of, or claiming under, any of them, and each of them (the "Class"). Excluded from the Class are Defendants, members of the immediate family of any of Defendants, any entity in which any of Defendants has or had a controlling interest, and the legal representatives, heirs, successors or assigns of any such excluded person. For purposes of the Settlement only, Plaintiffs David Eykyn and Mike Eykyn shall be certified as the representatives of the Class, and Juan Monteverde and James Wilson of the law firm Faruqi & Faruqi, LLP and

Evan Smith and Marc Ackerman of the law firm Brodsky & Smith, LLC appointed Class Counsel and Thomas E. Bilek of The Bilek Law Firm, LLP appointed Liaison Counsel for the Class.

3.     A hearing (the "Settlement Hearing") shall be held before this Court on *August 7*, 2015, at *10:00 A*.m. (which date is at least 75 days from the date of this Preliminary Approval Order) at the United States District Court for the Western District of Texas, Austin Division, Courtroom 2, 501 Fifth Street, Austin, Texas, 78701, to determine: (i) whether the Court should conditionally certify the Federal Actions as non-opt out class actions pursuant to Federal Rule of Civil Procedure 23; (ii) whether the settlement of the Federal Actions on the terms set forth in the Stipulation should be finally approved by the Court as fair, reasonable, and adequate to MGAM and Class members; (iii) whether the dismissal of the Federal Actions with prejudice, pursuant to the Stipulation, should be approved by the Court and judgment in all material respects substantially in the form attached to the Stipulation as Exhibit D entered; (iv) whether, subject to the terms of the Stipulation, the Court should approve the award of attorneys' fees to Plaintiffs' Counsel in the amount of $310,000, which is the amount Global Cash Access Holdings, Inc. and Movie Merger Sub, Inc. (together, "GCA") have agreed to pay or cause to be paid to Plaintiffs' Counsel in the Federal Actions subject to the terms of the Stipulation; and (v) such other matters as will properly come before the Court.

4.     The Court approves, as to form and content, the Notice and the Summary Notice appended as Exhibits B and C, respectively, to the Stipulation, and finds that their dissemination substantially in the manner and form set forth in this Order meets the requirements of Rules 23 and 23.1 of the Federal Rules of Civil Procedure, and of due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

5.     Not later than fourteen (14) calendar days following entry of this Order, Defendants shall cause a copy of the Summary Notice substantially in the form appended as Exhibit C to the Stipulation to be published in *Investor's Business Daily*.

6.     Not later than fourteen (14) calendar days following entry of this Order, Defendants shall cause the Notice substantially in the form appended as <u>Exhibit B</u> to the Stipulation to be mailed to all Persons who held of record MGAM common stock at any time during the Class Period as set forth in the books and records maintained by or on behalf of MGAM, at their respective offices set forth in such books and records.  The Settlement Hearing shall occur at least sixty (60) calendar days after the mailing of the Notice.

7.     At least twenty-eight (28) calendar days prior to the Settlement Hearing, Plaintiffs shall serve on counsel in the Federal Actions and file with the Court their papers in support of final approval of the Settlement and their application for the Fee Award with any brief and other papers in support thereof.

8.     At least fourteen (14) calendar days prior to the Settlement Hearing, Defendants shall serve on counsel in the Federal Actions and file with the Court their opposition to Plaintiffs' motion for final approval of the Settlement, if any, and any brief or other papers in support thereof.

9.     At least ten (10) calendar days prior to the Settlement Hearing, Defendants shall serve on counsel in the Federal Actions and file with the Court proof, by affidavit or declaration, of the dissemination of the Notice and Summary Notice as detailed in paragraphs five and six herein.

10.     The Class shall be bound by all orders, determinations and judgments in the Federal Actions concerning the Settlement, whether favorable or unfavorable to the Class.

11.     Pending final determination of whether the Settlement should be approved, Plaintiffs and all members of the Class are barred and enjoined from commencing, prosecuting, continuing, instigating or in any way participating in the commencement, prosecution, continuation or instigation of any action asserting any Released Claims, either directly, representatively, derivatively or in any other capacity, against any of the Released Parties.

12.     Any Class member may object or appear and show cause, if he, she, or it has any concern, that the Settlement should not be approved as fair, reasonable, and adequate, or why the

Judgment should not be entered thereon, provided, however, unless otherwise ordered by the Court, that no Class member shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the Fee Award to Plaintiffs' Counsel unless that Class member has, at least ~~fourteen (14)~~ *twenty one (21)* calendar days prior to the Settlement Hearing: (i) filed with the Clerk of the Court a written objection to the Settlement setting forth: (a) the objector's name, address and phone number; (b) the nature of the objection; (c) proof of ownership of MGAM common stock as of September 7, 2014, and through and including December 19, 2014; and (d) any documentation in support of such objection; and (ii) if a Class member intends to appear and requests to be heard at the Settlement Hearing, such Class member must have, in addition to the requirements of (i) above, filed with the Clerk of the Court: (a) a written notice of the Class member's intention to appear; (b) a statement that indicates the basis for such appearance; and (c) the identities of any witnesses the Class member intends to call at the Settlement Hearing and the subjects of their testimony. If a member of the Class files a written objection and/or written notice of intent to appear, such member of the Class must also simultaneously serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such stockholder files with the Court, upon each of the following, referencing Case No. 1:14-cv-00922-SS, by hand-delivery or by first-class mail, postmarked no later than ~~fourteen (14)~~ *twenty one (21)* calendar days before the Settlement Hearing: (a) Faruqi & Faruqi, LLP, 369 Lexington Avenue, Tenth Floor, New York, NY, 10017, Attn: Juan E. Monteverde; (b) Norton Rose Fulbright LLP, 1301 McKinney, Suite 5100, Houston, TX, 77010, Attn: Gerard G. Pecht; (c) Pillsbury Winthrop Shaw Pittman LLP, Four Embarcadero Center, 22nd Floor, San Francisco, CA, 94111, Attn: Sarah A. Good.

The written objections and copies of any papers and briefs in support thereof to be filed in Court shall also be delivered by hand or sent by first-class mail postmarked no later than ~~fourteen (14)~~ *twenty one (21)* calendar days before the Settlement Hearing, referencing Case No. 1:14-cv-00922-SS, to:

Office of the Clerk
U.S. District Court, Western District of Texas, Austin Division
501 West Fifth Street, Suite 1100
Austin, Texas  78701

13.     Any Class member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement as incorporated in the Stipulation, or to the Fee Award to Plaintiffs' Counsel, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

14.     The Settling Parties' response to objections, if any, by a Class member, and Plaintiffs' Counsel's reply brief in support of their application for the Fee Award, if any, shall be filed with the Court and served at least ~~five (5)~~ *Seven (7)* calendar days prior to the Settlement Hearing.

15.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:  (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of Defendants; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Defendant in any proceeding of any nature.  Defendants may file the Stipulation and/or Judgment in any action that has been or may be brought against him, her, or it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.     The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to the Class, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

17.     The Court may approve the Settlement, with such modifications, as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

Dated this ___22nd___ day of ___April___, 2015, at Austin, Texas.


_Sam Sparks_

SAM SPARKS
United States District Judge