Filed 8/7/15

Clerk, U. S. District Court
Western District of Texas

By _____ Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DAVID EYKYN and MIKE EYKYN, Individually and on Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MULTIMEDIA GAMES HOLDING COMPANY, INC., et al., <br><br> Defendants. | § § § § § § § § § § § § § | CASE NO. 1:14-cv-00922-SS <br> (Consolidated Lead Case) |
| CHRISTOPHER COFFMAN, Individually and on Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MULTIMEDIA GAMES HOLDING COMPANY, INC., et al., <br><br> Defendants. | § § § § § § § § § § § § | CASE NO. 1:14-cv-00966-SS |



[~~PROPOSED~~] **JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing pursuant to the Preliminary Approval Order of this Court, dated April 22, 2015 (the "Order")(ECF No. 35), on the application of the Settling Parties (as defined in ¶ 1.19 of the Stipulation of Non-Opt Out Class and Derivative Settlement) for approval of the settlement (the "Settlement") set forth in the Stipulation of Non-Opt Out Class and Derivative Settlement dated April 7, 2015 ("Stipulation"). Due and adequate notice having been given to the Class (as defined in ¶ 1.2 of the Stipulation) as required in the

Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment and Order of Dismissal with Prejudice ("Judgment") incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meaning as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the above-captioned consolidated actions (the "Federal Actions"), including all matters necessary to effectuate the Settlement, and over all parties to the Federal Actions, including Plaintiffs, the Class, and Defendants.

3. The Court finds that, for purposes of settlement only, the Federal Actions are proper non-opt out class actions pursuant to Rule 23 of the Federal Rules of Civil Procedure. Specifically, this Court finds that: (a) the members of the Class contemplated in the Federal Actions are so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class that predominate over any individual questions, including whether the disclosures made by Multimedia Games Holding Company, Inc. ("MGAM") in connection with the Merger were adequate and whether the Director Defendants breached duties owed to MGAM or the Class; (c) the claims of the Plaintiffs David Eykyn and Mike Eykyn ("Plaintiffs") are typical of the claims of the Class; (d) Plaintiffs and Plaintiffs' counsel have fairly and adequately represented and protected the interests of MGAM and the Class; (e) the prosecution of separate actions by Class members would create a risk of either (i) inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants, or (ii) adjudications with respect to individual

members of the Class which would as a practical matter be dispositive of the interests of the other members of the Class who are not parties to the adjudications or substantially impair or impeded their ability to protect their interest; and (f) there were allegations that Defendants acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive or declaratory relief appropriate with respect to the Class as a whole. Thus, for the purposes of settlement only, the Federal Actions are proper non-opt out class actions pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4. The Federal Actions are certified as class actions pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Class consisting of all Persons who were record holders or beneficial owners of MGAM common stock as of September 7, 2014 and who held such shares through and including December 19, 2014, the latter being the date of the consummation of the Merger, including successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, of all such foregoing record holders and/or beneficial owners, immediate and remote, and any Person acting for or on behalf of, or claiming under, any of them. Excluded from the Class are Defendants, members of the immediate family of any of Defendants, any entity in which any of Defendants has or had a controlling interest, and the legal representatives, heirs, successors or assigns of any such excluded person.

5. For purposes of the Settlement only, Plaintiffs David Eykyn and Mike Eykyn are hereby certified as the representatives of the Class and James M. Wilson, Jr. of the law firm Faruqi & Faruqi, LLP and Evan J. Smith of the law firm of Brodsky & Smith, LLC are hereby appointed Class Counsel.

6. The Court finds that the Summary Notice of Proposed Settlement of Derivative and Non-Opt Out Class Action (the "Summary Notice") published in *Investor's Business Daily* and the mailing of the Notice of Proposed Settlement of Derivative and Non-Opt Out Class Action (the "Notice") to all Persons who held of record MGAM common stock at any time during the Class Period as set forth in the books and records maintained by or on behalf of MGAM, at their respective offices set forth in such books and records provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all persons entitled to such notice, and said notices fully satisfied the requirements of the Federal Rules of Civil Procedure, including Rule 23.1(c) and Rule 23(c)(2), and the requirements of due process.

7. All members of the Class are bound by this Judgment, as full and adequate notice of the proceedings was given and a full opportunity to be heard was provided to members of the Class.

8. The Court finds that during the course of the Federal Actions, the Settling Parties and their respective counsel, at all times, and complied with Rule 11 of the Federal Rules of Civil Procedure.

9. The Court finds that the Settlement is fair, reasonable, and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and the Settlement in all respects, finds that the Settlement provides substantial benefits to MGAM and its stockholders, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

10. The Federal Actions and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice. As between Plaintiffs, the Class, and the

Defendants, the Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

11.   Upon the Effective Date (as defined in ¶ 1.8 of the Stipulation), (a) Plaintiffs, in their capacity as individuals, on behalf of all other similarly situated stockholders of MGAM, and derivatively on behalf of MGAM, (b) MGAM, and (c) all members of the Class shall have fully released and forever discharged, and shall forever be barred from initiating, continuing, filing or otherwise prosecuting, against the Released Parties any Released Claims, including Unknown Claims, that were, or could have been, asserted in the Federal Actions.

12.   Plaintiffs' Counsel are awarded attorneys' fees in the amount of $310,000.00, in accordance with the Stipulation. *and on assurance by Global Cash Access Holdings Inc. this payment is reasonable to conclude this case* SS

13.   The Settling Parties have expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Settling Parties acknowledge, and members of the Class are hereby deemed to have acknowledged, that the waiver of Unknown Claims was separately bargained for and is a key element of the Settlement.

14.   Nothing herein shall in any way impair or restrict the rights of any of the Settling Parties to enforce the terms of the Stipulation.

15.   Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be

deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any proceeding of any nature. Defendants may file the Stipulation and/or this Judgment in any action that has been or may be brought against him, her, or it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; and (ii) the Settling Parties for the purpose of construing, enforcing, and administering the Stipulation and Settlement, including, if necessary, setting aside and vacating this Judgment, on motion of a party, to the extent consistent with and in accordance with the Stipulation if any condition set forth in ¶ 6.1 of the Stipulation fails to occur.

17. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk of the Court in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: *August 7, 2015*

*Sam Sparks*
SAM SPARKS
United States District Judge